Bernard Levin v. Commissioner.
Levin v. Commissioner
Docket No. 27236.
United States Tax Court
1952 Tax Ct. Memo LEXIS 10; 11 T.C.M. (CCH) 1210; T.C.M. (RIA) 52356; December 17, 1952
*10 Upon remand, held, petitioner's son was, during the years in question, a bona fide partner of a family partnership. Alfred M. Saperston, Esq., for the petitioner. Oscar L. Tyree, Esq., for the respondent. RICE
Supplemental Memorandum Findings of Fact and Opinion On July 18, 1951, we entered our Memorandum Findings of Fact and Opinion in the above entitled case, and, on September 10, 1951, we entered our decision therein. Thereafter, petitioner duly prosecuted a petition for review to the United States Court of Appeals for the Second Circuit as to that portion of our Memorandum Findings of Fact and Opinion which held that petitioner's son, Richard Levin, was not a bona fide partner in the Bernard Company during the calendar years 1944 and 1945. On November 28, 1952, the Court of Appeals ordered, adjudged, and decreed, "that the order of said The Tax Court of the United States be and it hereby is reversed and cause remanded in accordance with the opinion of this court." Pursuant to the mandate of the Second Circuit and upon the prior record, we make the following: Supplemental Findings of Fact The Bernard Company was a partnership, valid for tax purposes, *11 formed April 1, 1943, with the intention as between petitioner, Meta, Nancy, and Richard, acting in good faith and with a business purpose, that they carry on the business as partners. Petitioner, Meta, Nancy, and Richard were partners in the operation of the business for the calendar years 1944 and 1945. Opinion RICE, Judge: In this supplemental report, we have found, as a fact, that a partnership, valid for tax purposes, existed as between petitioner, Meta, Nancy, and Richard. We hold that Richard was a valid partner for tax purposes, during the years in question, pursuant to the position taken by this Court in the recent decision of Clarence B. Ford, et al., 19 T.C. - (No. 29, Promulgated November 12, 1952), and cases cited therein. Decision will be entered for the petitioner.